# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

STEVEN J. ALEXANDER,
KEITH A. BALASH, CHARLES A.
BERARD, MICHAEL R. BRUNOW,
JAMES C. CLEVELAND,
JOSEPH J. FARINA, JOHN MALLOY
HAGEN, WILLIAM E. HEINEN,
WAYNE W. JENSEN, THOMAS P.
KLUSMAN, EDWARD N. LIEBRECHT,
RONALD G. QUACKENBUSH,
ANTHONY T. SMITH, STEVEN J.
SPINGOLA, KIM R. STACK,
DAVID C. VAHL, and MICHAEL D.
YOUNG,

                Plaintiffs,         Case No. 03-C-611

      v.

CITY OF MILWAUKEE, POLICE CHIEF
ARTHUR JONES, individually and in his
official capacities, MILWAUKEE BOARD
OF FIRE AND POLICE COMMISSIONERS,
CHAIRMAN WOODY WELCH,
VICE-CHAIRMAN CARLA Y. CROSS,
COMMISSIONER ERIC M. JOHNSON,
COMMISSIONER LEONARD J. SOBCZAK,
COMMISSIONER ERNESTO A. BACA,
individually and in their official capacities,

                Defendants.

## **OPINION AND ORDER**

        A jury returned a verdict finding each of the Defendants liable to the

seventeen Plaintiffs in this employment discrimination case. The seventeen Plaintiffs

are police officers who claim that the Defendants discriminated against them on the basis of race and sex by denying them promotions to the rank of captain. The five Defendant members of the Milwaukee Fire and Police Commission have now moved to grant judgment as a matter of law because the evidence of their alleged intentional discriminatory conduct was insufficient. They also assert that they are entitled to qualified immunity. See Federal Rule of Civil Procedure 50(b).

Faced with a motion for judgment as a matter of law, a court must determine whether any rational jury could have found for the Plaintiffs and against the Commissioners. See Harvey v. Office of Banks and Real Estate, 377 F.3d 698, 707 (7th Cir. 2004). All of the evidence in the record must be viewed in a light most favorable to the nonmoving parties and all reasonable inferences must be drawn in favor of the nonmoving parties. See Tart v. Illinois Power Company, 366 F.3d 461, 472 (7th Cir. 2004). The court may not make credibility determinations or reweigh the evidence. See Id.

In this case the jury was presented with a legally sufficient basis to support the verdict against the Commissioners. Taken in the light most favorable to the Plaintiffs, a preponderance of evidence in the record establishes that each Commissioner engaged in discrimination on the basis of race and sex in denying the Plaintiffs' promotions.

The Defendants raised the affirmative defense of qualified immunity in their Answer, but they did not move for summary judgment on this or any other issue. Qualified immunity protects a public official sued in his or her personal capacity from suit. Once the trial has concluded, the opportunity for that protection is lost. Therefore,

2

there is little reason to address the qualified immunity issue. In the case cited by the movants in support of their position, the court granted qualified immunity after trial without discussing timeliness. See Terry v. Richardson, 346 F.3d 781, 784, 787-88 (7th Cir. 2003). The jury has found that the Defendants' conduct violated the constitutional rights of the Plaintiffs and those rights were firmly established at the time they acted. At this posttrial stage of these proceedings, the court will not delve further into this issue. See McNair v. Coffey, 279 F.3d 463, 475 (7th Cir. 2002).

For the reasons explained above, the court ORDERS that the "Defendant Commissioners' Motion for Judgment on Grounds of Insufficiency of Evidence of Intentional Discriminatory Conduct or, Alternatively, on Qualified Immunity" (filed September 12, 2005) IS DENIED.

Done and Ordered in Chambers at the United States Courthouse, Milwaukee, Wisconsin, this 3rd day of February, 2006.

s/ Thomas J. Curran
Thomas J. Curran
United States District Judge