**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

STEVEN J. ALEXANDER,
KEITH A. BALASH, CHARLES A.
BERARD, MICHAEL R. BRUNOW,
JAMES C. CLEVELAND,
JOSEPH J. FARINA, JOHN MALLOY
HAGEN, WILLIAM E. HEINEN,
WAYNE W. JENSEN, THOMAS P.
KLUSMAN, EDWARD N. LIEBRECHT,
RONALD G. QUACKENBUSH,
ANTHONY T. SMITH, STEVEN J.
SPINGOLA, KIM R. STACK,
DAVID C. VAHL, and MICHAEL D.
YOUNG,

                 Plaintiffs,         Case No. 03-C-611

     v.

CITY OF MILWAUKEE, POLICE CHIEF
ARTHUR JONES, individually and in his
official capacities, MILWAUKEE BOARD
OF FIRE AND POLICE COMMISSIONERS,
CHAIRMAN WOODY WELCH,
VICE-CHAIRMAN CARLA Y. CROSS,
COMMISSIONER ERIC M. JOHNSON,
COMMISSIONER LEONARD J. SOBCZAK,
COMMISSIONER ERNESTO A. BACA,
individually and in their official capacities,

                 Defendants.

## ORDER

A jury returned a verdict awarding punitive damages to each of the seventeen Plaintiffs in this employment discrimination case. The seventeen Plaintiffs

are police officers who claim that the Defendants discriminated against them on the basis of race and sex in denying them promotions to the rank of captain. The Defendant members of the Milwaukee Fire and Police Commission have now moved to vacate the punitive damage awards or, in the alternative, they ask for remittitur or a new trial or for an amendment of the judgment to reduce each award to reflect the percentage of probability of promotion. See Federal Rule of Civil Procedure 59.

The Seventh Circuit has enunciated three guideposts to steer the evaluation of whether a punitive damage award is grossly excessive such that it offends due process: (1) the degree of reprehensibility of the Defendants' conduct; (2) the disparity between the harm or potential harm suffered by the Plaintiffs and their punitive damage awards; (3) the difference between the remedy and the civil penalties authorized or imposed in comparable cases. See Farfaras v. Citizens Bank and Trust of Chicago, 2006 WL 47602 (7th Cir. January 11, 2006).

Punitive damages are recoverable in a Section 1983 action where the Defendants had a reckless or callous disregard of the of the federally protected rights of others. See Woodward v. Correctional Medical Services of Illinois, Inc., 368 F.3d 917, 930 (7th Cir. 2004). In this case the sum of $17,000.00 was awarded to each Plaintiff as assessed against each of the five Commissioners as well as against Defendant Arthur Jones for a total of $102,000.00. The jury found that the Commissioners had engaged in race and sex discrimination in disregard of the Plaintiffs' right to equal protection. Viewed in a light most favorable to the jury's verdict, there was sufficient evidence to support this finding.

The average compensatory award in this case was $27,323.53. In addition, at the time the verdict was returned, each Plaintiff had the potential to be awarded economic losses. The parties agree that the ratio of punitive damages to compensatory damages averages 3.73. The United States Supreme Court has explained its position on punitive damages as follows:

> [W]e have been reluctant to identify concrete constitutional limits on the ratio between harm, or potential harm, to the plaintiff and the punitive damages award. 517 U.S., at 582, 116 S.Ct. 1589 ("[W]e have consistently rejected the notion that the constitutional line is marked by a simple mathematical formula, even one that compares actual and potential damages to the punitive *425 award"); *TXO*, *supra*, at 458, 113 S.Ct. 2711. We decline again to impose a bright-line ratio which a punitive damages award cannot exceed. Our jurisprudence and the principles it has now established demonstrate, however, that, in practice, few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process. In *Haslip*, in upholding a punitive damages award, we concluded that an award of more than four times the amount of compensatory damages might be close to the line of constitutional impropriety. 499 U.S., at 23-24, 111 S.Ct. 1032. We cited that 4-to-1 ratio again in *Gore*. 517 U.S., at 581, 116 S.Ct. 1589. The Court further referenced a long legislative history, dating back over 700 years and going forward to today, providing for sanctions of double, treble, or quadruple damages to deter and punish. *Id.*, at 581, and n. 33, 116 S.Ct. 1589. While these ratios are not binding, they are instructive. They demonstrate what should be obvious: Single-digit multipliers are more likely to comport with due process, while still achieving the State's goals of deterrence and retribution, than awards with ratios in range of 500 to 1, *id.*, at 582, 116 S.Ct. 1589, or, in this case, of 145 to 1.
>
> Nonetheless, because there are no rigid benchmarks that a punitive damages award may not surpass, ratios greater than those we have previously upheld may comport with due process where "a particularly egregious act has

3

> resulted in only a small amount of economic damages." Ibid.; see also ibid. (positing that a higher ratio might be necessary where "the injury is hard to detect or the monetary value of noneconomic harm might have been difficult to determine"). The converse is also true, however. When compensatory damages are substantial, then a lesser ratio, perhaps only equal to compensatory damages, can reach the outermost limit of the due process guarantee. The precise award in any case, of course, must be based upon the facts and circumstances of the defendant's conduct and the harm to the plaintiff.

State Farm Mutual Automobile Insurance Company v. Campbell, 538 U.S. 408, 424-25.

The amounts awarded in this case certainly fit within the "single digit ratio" guideline and it is not so far out of proportion with awards in similar cases that this court is compelled to reduce the awards. The amounts do not appear to be the product of arbitrary decision making on the part of the jury.

Finally, the Defendants maintain that the punitive damages should be subject to reduction for percentage of probability of promotion. They cite Blondo v. City of Chicago, 382 F.3d 680 (7th Cir. 2004) to support this proposition. However, Blondo does not specifically discuss punitive damages, so the court will not subject the awards to percentage reductions.

For the reasons explained above, the court ORDERS that the "Defendants' Motion to Vacate Punitive Damage Awards, or Alternatively, for a Remittitur or a New Trial on the Issue of Excessive Punitive Damages, and to Amend Based on Probability of Promotion" (filed September 12, 2005) IS DENIED.

4

Done and Ordered in Chambers at the United States Courthouse, Milwaukee, Wisconsin, this 3rd day of February, 2006.

                                          s/ Thomas J. Curran
                                          Thomas J. Curran
                                          United States District Judge