# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

STEVEN J. ALEXANDER,
KEITH A. BALASH, CHARLES A.
BERARD, MICHAEL R. BRUNOW,
JAMES C. CLEVELAND,
JOSEPH J. FARINA, JOHN MALLOY
HAGEN, WILLIAM E. HEINEN,
WAYNE W. JENSEN, THOMAS P.
KLUSMAN, EDWARD N. LIEBRECHT,
RONALD G. QUACKENBUSH,
ANTHONY T. SMITH, STEVEN J.
SPINGOLA, KIM R. STACK,
DAVID C. VAHL, and MICHAEL D.
YOUNG,

                Plaintiffs,         Case No. 03-C-611

      v.

CITY OF MILWAUKEE, POLICE CHIEF
ARTHUR JONES, individually and in his
official capacities, MILWAUKEE BOARD
OF FIRE AND POLICE COMMISSIONERS,
CHAIRMAN WOODY WELCH,
VICE-CHAIRMAN CARLA Y. CROSS,
COMMISSIONER ERIC M. JOHNSON,
COMMISSIONER LEONARD J. SOBCZAK,
COMMISSIONER ERNESTO A. BACA,
individually and in their official capacities,

                Defendants.

## OPINION AND ORDER

      Following a trial which ended with a jury verdict in favor of the Plaintiffs, the Defendants moved for a remittitur or a new trial on the ground that the

compensatory damages awarded were excessive.  See Federal Rule of Civil Procedure 59.  The Defendants also want the judgment amended so that the compensatory damage awards reflect the lost chance of promotion applicable to each Plaintiff.

When a motion for remittitur or a new trial is made, a court inquires as to whether the award is monstrously excessive, whether there is no rational connection between the award and the evidence, indicating that it is merely a product of a jury's fevered imaginings or personal vendettas, and whether the award is roughly comparable to awards made in similar cases.  See Farfaras v. Citizens Bank and Trust of Chicago, 2006 WL 47602 (7th Cir. January 11, 2006) (Nos. 05-2082 & 05-2368).

The Defendants argue that the evidence of emotional distress was based entirely on each Plaintiff's testimony with no expert testimony or other corroborating evidence presented.  They also say that the range of higher end verdicts in similar cases is $50,000 to $100,000.

Medical support is not necessary to prove emotional injury in a Title VII case.  See Id.  The jury evaluated the impact of the Defendants' illegal conduct upon each Plaintiff and assigned each of the seventeen Plaintiffs different amounts of compensation.  This court cannot say that the jury's decisions were not rationally related to the evidence of discrimination presented.  Moreover, there is no evidence that the awards were a product of the jury's fevered imaginings or personal vendettas.

The individual awards in this case fit well within the range of awards

cited by the Defendants. The court has calculated the average award to be $27,323.53. Therefore, the court will not disturb the jury's verdict on the ground that it is not comparable to previous awards.

Finally, the Defendants ask that the compensatory damages be adjusted to reflect the probability of promotion. This court has attempted to follow the holding in <u>Biondo v. City of Chicago</u>, 382 F.3d 680, 688 (7th Cir. 2004) in applying the percentage of probability of promotion to the back pay awards. However, it is not clear that the <u>Biondo</u> court would have applied those percentages to compensatory damages for emotional injury. Therefore, the court will not disturb the jury verdict.

For the reasons explained above, the court ORDERS that the "Defendants' Motion for a Remittitur or a New Trial on the Issue of Excessive Compensatory Damages, and to Amend Based on Probability of Promotion" (filed September 12, 2005) IS DENIED.

Done and Ordered in Chambers at the United States Courthouse, Milwaukee, Wisconsin, this 3rd day of February, 2006.

    s/ Thomas J. Curran
    Thomas J. Curran
    United States District Judge