# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

STEVEN J. ALEXANDER,
KEITH A. BALASH, CHARLES A.
BERARD, MICHAEL R. BRUNOW,
JAMES C. CLEVELAND,
JOSEPH J. FARINA, JOHN MALLOY
HAGEN, WILLIAM E. HEINEN,
WAYNE W. JENSEN, THOMAS P.
KLUSMAN, EDWARD N. LIEBRECHT,
RONALD G. QUACKENBUSH,
ANTHONY T. SMITH, STEVEN J.
SPINGOLA, KIM R. STACK,
DAVID C. VAHL, and MICHAEL D.
YOUNG,

                Plaintiffs,        Case No. 03-C-611

      v.

CITY OF MILWAUKEE, POLICE CHIEF
ARTHUR JONES, individually and in his
official capacities, MILWAUKEE BOARD
OF FIRE AND POLICE COMMISSIONERS,
CHAIRMAN WOODY WELCH,
VICE-CHAIRMAN CARLA Y. CROSS,
COMMISSIONER ERIC M. JOHNSON,
COMMISSIONER LEONARD J. SOBCZAK,
COMMISSIONER ERNESTO A. BACA,
individually and in their official capacities,

                Defendants.

## **OPINION AND ORDER**

       A jury returned a verdict finding the City of Milwaukee liable to the seventeen Plaintiffs in this employment discrimination case. The seventeen Plaintiffs

are police officers who claim that all the Defendants, including the City of Milwaukee, discriminated against them on the basis of race and sex by denying them promotions to the rank of captain. The City has now moved the court to grant judgment as a matter of law because there is no evidence that the City had a discriminatory policy which injured the Plaintiffs. See Federal Rule of Civil Procedure 50(b).

Faced with a motion for judgment as a matter of law, a court must determine whether any rational jury could have found for the Plaintiffs and against the City. See Harvey v. Office of Banks and Real Estate, 377 F.3d 698, 707 (7th Cir. 2004). All of the evidence in the record must be viewed in a light most favorable to the nonmoving parties and all reasonable inferences must be drawn in favor of the nonmoving parties. See Tart v. Illinois Power Company, 366 F.3d 461, 472 (7th Cir. 2004). The court may not make credibility determinations or reweigh the evidence. See Id.

In this case, the jury was presented with a legally sufficient basis to support the verdict against the City. Taken in the light most favorable to the Plaintiffs, a preponderance of evidence in the record establishes that the individual Defendants (members of the Milwaukee Fire and Police Commission and the Chief of Police of the City of Milwaukee) were policymakers in regard to promotions within the police department. The United States Supreme Court has held that municipal liability can arise from the acts of municipal decision makers. See Pembauer v. City of Cincinnati, 475 U.S. 469, 480 (1986). Therefore, the City can be held liable for the discriminatory acts of the Commissioners and the Chief in this case.

For this reason, the court ORDERS that the "Defendant City of Milwaukee's Post-Judgment Motion for Judgment on Grounds of Insufficiency of the Evidence of a Discriminatory Policy That Violated Plaintiffs' Constitutional Rights" (filed September 12, 2005) IS DENIED.

Done and Ordered in Chambers at the United States Courthouse, Milwaukee, Wisconsin, this 3rd day of February, 2006.

s/ Thomas J. Curran
Thomas J. Curran
United States District Judge